UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
**LAREDO DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. |
| | ) | L-11-CR-788 |
| v. | ) | (12-CV-136) |
| | ) | |
| JOSE LUIS MUNOZ-GAUCIN, | ) | |
| | ) | |
| Defendant. | ) | **MEMORANDUM OPINION & ORDER** |

Jose Luis Munoz-Gaucin (Munoz-Gaucin) has filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. The Government has filed a motion to dismiss the same. Munoz-Gaucin, however, has failed to file a reply to the Government's motion although afforded the opportunity to do so.

**I.**

**JURISDICTION**

Munoz-Gaucin challenges the judgment of conviction and sentence imposed by the undersigned sitting by designation on October 4, 2011, entered by the district clerk on October 7, 2011. (D.E. 25).[1] Munoz-Gaucin appealed. The court of appeals concurred with counsel's assessment that the appeal presented no non-frivolous issue for appellate review and dismissed the

---

[1] "D.E." refers to the docket entry in Criminal No. C-11-788, styled *United States of America v. Jose Luis Munoz-Gaucin*, in the Laredo Division of the United States District Court for the Southern District of Texas.

1

appeal on April 17, 2012. (D.E. 39). On August 23, 2012, in civil action no. C-12-136, Munoz-Gaucin timely filed his § 2255 Motion to Vacate under 28 U.S.C. § 2255 (D.E. 40). This Court is vested with jurisdiction under 28 U.S.C. §§ 1331 and 2255.

## II.

## STATEMENT OF THE CASE

### A. Course Of Proceedings

On June 7, 2011, a Laredo Division grand jury, for the Southern District of Texas, returned an Indictment charging Munoz-Gaucin with illegal reentry after deportation, in violation of 8 U.S.C. § 1326. (D.E. 7).

On July 13, 2011, Munoz-Gaucin pleaded guilty to the indictment, without a plea agreement, before a United States magistrate judge. (D.E. 13, 14). On August 3, 2011, the Court adopted the Report and Recommendations of the magistrate judge, and found Munoz-Gaucin guilty of the offense charged. (D.E. 15).

On October 4, 2011, this court sentenced Munoz-Gaucin to 77 months in custody, followed by three years of supervised release. (D.E. 25). Munoz-Gaucin filed a notice of appeal. Munoz-Gaucin and his counsel both filed an appellate brief. The court of appeals dismissed the appeal, finding no non-frivolous issues. (D.E.39). Munoz-Gaucin timely filed the instant motion on August 23, 2012. (D.E. 40).

### B. Statement of Facts Underlying the Conviction

**1. Offense Conduct**

Munoz-Gaucin, an undocumented alien, native of Mexico, was found in the United States in the Southern District of Texas without permission on May 20, 2011, after having been previously deported on June 16, 2010. Munoz-Gaucin admitted to the factual basis of the charge. See PSR ¶3.

**2. PSR**

The 2010 edition of the Sentencing Guidelines Manual was used in this case. PSR ¶11. The base offense level was 8, and 16 levels were added pursuant to USSG §2L1.2(b)(1)(A)(ii) because Munoz-Gaucin had previously been convicted for a felony that is a crime of violence, specifically, indecency with a child by contact, and indecency with a child by exposure in the 406th district court in Laredo, Texas, for which he was sentenced to four years in prison per count and subsequently deported to Mexico on June 16, 2010. PSR ¶13. After a two-level reduction for acceptance of responsibility, the total adjusted offense level was 22. PSR ¶17, 21. A total of 10 criminal history points established a criminal history category of V and an advisory guideline range of 77 to 96 months. PSR ¶30, 47. The minimum term of imprisonment is 20 years, pursuant to 8 U.S.C. §1326(b)(2). PSR ¶46.

### 3. Sentencing.

At the sentencing hearing on October 4, 2011, Munoz-Gaucin objected to the 16-level enhancement, stating that he understood that "the new law that's about to come in" should be taken into account because he had heard "that the prior criminal history is not taken into account." (D.E. 29 (Sentencing Transcript), p. 3-4.)  The court responded:

> Oh, no, no. That's jailhouse rumor. . . . [T]here is a potential modification of the Sentencing Guidelines. That modification could – where there's an old criminal conviction, that, – which scores no points, . . . that conviction will only receive half of the 16-level enhancement for a crime of violence, as I'm understanding it. . . . Your 16-level enhancement was . . . sentence was imposed in 2007 and . . . it's being counted in your criminal history, so the 16-level enhancement is appropriate in this matter. So your objections are overruled.

(D.E. 29, p. 4).

The court found the advisory guideline range to be 77 to 96 months. *Id.*, p. 5.  Counsel argued that the guideline range "is not a reasonable Sentencing Guidelines range with respect to Mr. Munoz in his priors," and asked the court to consider a downward variance from the advisory guideline range to 48 to 52 months. *Id.*, p. 5-6. The court sentenced Munoz-Gaucin to 77 months in prison, the low end of the advisory guideline range, followed by three years of supervised release. *Id.*, p. 6.  Counsel objected to the sentence as being greater than necessary, and argued that the court did not take into consideration the 3553(a) factors.

4

*Id.*, p. 8. The court responded that it considered counsel's arguments, but found that his "repeat coming back into the United States did not warrant any variance from the guidelines." *Id.*, p. 9.

### III.

**Motion to Dismiss**

The Government moves this Court to dismiss the § 2255 motion, with prejudice, on the basis that the Government's motion and the record, supported by the applicable law, conclusively show that no relief, pursuant to 28 U.S.C. § 2255, is appropriate.

**ISSUES RAISED**

> Ground One: Munoz-Gaucin claims that counsel was constitutionally ineffective because he "never explained to me the benefits of pleading guilty and never actually pled guilty." (D.E. 40, p. 4).
>
> Ground Two: Munoz-Gaucin argues that counsel was constitutionally ineffective, arguing: "While being sentenced and before with attorney I mentioned (in sentencing transcript) benefitting from the new 16 to 8 level reduction for illegal re-entry and was told by the court that it was only a rumor when in fact it went into effect less than a month later. Attorney should have been aware of this amendment and asked for a continuance." (D.E. 40, p. 5).
>
> Ground Three: Munoz-Gaucin argues that counsel was ineffective because Munoz-Gaucin "was guaranteed/promised by attorney that I would receive 58 to 52 months and was sentenced to 77 months attorney did not explain to me that the court was not bound by this fact and misled me into thinking so, the sentencing transcripts clearly show my

5

confusion about everything and a remand for resentencing is appropriate." (D.E. 40, p. 7).

**AUTHORITIES AND DISCUSSION**

To prevail on a motion to vacate a sentence under 28 U.S.C. § 2255, the defendant must allege and demonstrate one of the following grounds: (1) his sentence was imposed in violation of the Constitution or laws of the United States; (2) the sentencing court did not have jurisdiction to impose the sentence; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *see United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995) (citations omitted).

Once an appeal of a conviction is exhausted or, if the right to appeal was waived, courts are "entitled to presume that the defendant stands fairly and finally convicted." *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001)(citing *United States v. Frady*, 102 S. Ct. 1584, 1594 (1982)); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). Therefore, motions to vacate sentences "may raise only constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed." *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999).

An ineffective assistance of counsel allegation presented in a § 2255 motion is properly analyzed under the two-prong analysis set forth in *Strickland v. Washington*, 466 U.S. 668 (1984); *United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was both deficient and prejudicial. *Id.* This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that the deficient performance led to an unfair and unreliable conviction and sentence. *United States v. Dovalina*, 262 F.3d 472, 474 - 475 (5th Cir. 2001). If the movant fails to prove one prong, it is not necessary to analyze the other. *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one."); *Carter v. Johnson,* 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim."). A claim of ineffective assistance of counsel is properly made in a § 2255 motion because it raises an issue of constitutional magnitude and, as a general rule, cannot be resolved on direct appeal. *United States v.* Bass, 310 F.3d 321, 325 (5th Cir. 2002).

Munoz-Gaucin is *pro se* in this matter. *Pro se* pleadings are

reviewed under a less stringent standard than those drafted by attorneys and are entitled to a liberal construction that includes all reasonable inferences that can be drawn from them. *See Haines v. Kerner*, 404 U.S. 519 (1972). At the same time, however, *pro se* litigants are still required to provide sufficient facts in support of their claims. *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993). Even under the rule of liberal construction, "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue." *Id*. (citing *United States v. Woods,* 870 F.2d 285, 288 n.3 (5th Cir. 1989)); *see also Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition . . . to be of probative evidentiary value.").

**Discussion**

Ground One: Munoz-Gaucin's claim that counsel "never explained to me the benefits of pleading guilty and never actually pled guilty" is contradicted by the record, including counsel's affidavit (D.E. 47 (sealed)), is otherwise without support in the record, fails to establish deficiency or prejudice resulting from counsel's conduct, and shall be dismissed.

At his rearraignment, the magistrate judge told Munoz-Gaucin that by signing the consent to proceed before a

8

magistrate judge he was agreeing to proceed by entering a plea of guilty. Munoz-Gaucin acknowledged that he had signed the consent form and that he understood and did want to enter a guilty plea. (D.E. 31, p. 7). The magistrate judge explained the elements of the offense and the factual basis and Munoz-Gaucin said he understood and pleaded guilty. *Id.*, p. 9. Munoz-Gaucin was placed under oath, and testified that he had had enough time to talk to his counsel and ask any questions. Id., p. 12. He testified that he was entering his plea freely and voluntarily and that it was his decision to enter the guilty plea. Id., p. 14-15. The magistrate judge explained that the penalty range depended on his criminal record and that if he had a "certain felony on your record that is on a list of aggravated felonies, then the most that you are facing is up to 20 years in prison." *Id.*, p. 16.

Munoz-Gaucin testified that he understood. *Id.* The magistrate judge informed Munoz-Gaucin about how the sentencing guidelines operated and said:

> Now, right now we don't know for sure what your score will be on this sentencing table here that I'm holding up. This is an advisory guideline table. We don't know what your score will be on this table until I ask a probation officer to prepare a report. . . . Now, they'll include any criminal history that you may have; will also include your family history, your work history, your education history; and they are going to come up with the recommended score on this table that I am holding up here.

9

> Now, I know your attorney has already gone over this table with you, but you need to understand that sometimes a probation officer recommends a higher score than what you thought was going to be recommended. Now, if that happens, you will not be able to withdraw your plea of guilty and ask me for a trial. You have to stay with a plea of guilty, accept the sentence the judge gives you here, even if the score is different from what you thought it was going to be or even if it's different from what your attorney estimated it was going to be. Do you understand that? . . . Mr. Munoz?

*Id.*, p. 22. Munoz-Gaucin said, "Yes." *Id*. When the magistrate judge asked him if anybody had made any promises to him to get him to enter a plea of guilty, he responded, "No." *Id.*, p. 25. The magistrate judge informed him that he had a right to enter a plea of not guilty and ask for a trial, and explained the rights he would have at trial. *Id.*, p. 25-26. Munoz testified that he understood those rights.. *Id.*, p. 27. Finally, he confirmed that he had understood everything the magistrate judge had explained to him. *Id.*, p. 28, 42. He said he still wanted to enter a plea of guilty to the charge, and pleaded guilty. Id., p. 42, 43. The magistrate judge told Munoz-Gaucin that she would accept his plea of guilty and recommend to the district judge that he should be found guilty and that he be sentenced accordingly. *Id.*, p. 44.

In summary, the "issue" Munoz-Gaucin raises in Ground One has no basis in the record and is, in fact, contradicted by the record. Munoz-Gaucin has failed to make the requisite showing of

deficiency and/or prejudice in support of his unsupported claims in Ground One. The claim shall be dismissed as without merit.

Ground Two: Munoz-Gaucin's claim that counsel was constitutionally ineffective because he failed to ask for a continuance so that Munoz-Gaucin could get the benefit of "the new 16 to 8 level reduction for illegal re-entry" that Munoz-Gaucin claims "went into effect less than a month later," is not supported by the record and based on the Court's explanation that any potential change in the guidelines would not apply to Munoz-Gaucin, he has failed to show deficiency or prejudice resulting from counsel's alleged failure to ask for a continuance.

As set forth above, Munoz-Gaucin himself raised potential change in the guidelines at the sentencing hearing. The Court explained that the potential change did not apply to Munoz-Gaucin, and overruled his objection. (D.E. 29, p. 4). Counsel is not deficient for failing to raise a legally meritless argument. *Smith v. Puckett*, 907 F.2d 581, 585 n. 6 (5th Cir. 1990). The claim in Ground Two is a bald allegation without legal merit; failing to show that counsel's failing to argue this point was constitutionally deficient or prejudicial, the claim shall be dismissed.

Ground Three: Munoz-Gaucin's claim that he "was guaranteed/promised by [his attorney] that I would receive 58 to

52 months and was sentenced to 77 months attorney did not explain to me that the court was not bound by this fact and misled me into thinking so," is wholly contradicted by the record and shall be dismissed. (D.E. 40, p. 7).

As described above, Munoz-Gaucin testified under oath that no promises had been made to him to get him to plead guilty and that he understood that the court was not bound by any guideline range. (D.E. 31, p. 22, 25). This claim shall be dismissed as wholly contradicted by the record.

## IV.

## CONCLUSION

The record supports the conclusion the Court should dismiss Munoz-Gaucin's 2255 Motion, with prejudice, for the reason that the Government's Motion, and record of the case, including the affidavit of counsel (D.E. 8, Civil Action No. 5:12-cv-136), conclusively show that no relief is appropriate.

Accordingly,

**IT IS ORDERED** herein as follows:

(1) That the Government's motion to dismiss be, and the same hereby is, **GRANTED.**

(2) That Munoz-Gaucin's motion for relief be, and the same hereby is, **DENIED.**

(3)   That inasmuch as no reasonable jurist would disagree with the outcome herein no certificate of appealability shall issue.

This the 8th day of May, 2013.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge